Shabd–Sangeet KHALSA, Appellant,

v.

Lars CHOSE, Tamasine Drisdale, Gordon Stein, and Mandala Custom Homes, Appellees.

No. S–13472.

Supreme Court of Alaska.

July 29, 2011.

Rehearing Denied Oct. 19, 2011.

Shabd–Sangeet Khalsa, pro se, Palmer, Appellant.

Shelby B. Mathis, Borgeson & Burns, P.C., Fairbanks, for Appellees Chose and Mandala Custom Homes.

Nelson G. Page, Burr, Pease & Kurtz, Anchorage, for Appellee Gordon Stein.

No appearance by Appellee Tamasine Drisdale.

Before: CARPENETI, Chief Justice, FABE, WINFREE, CHRISTEN, and STOWERS, Justices.

*OPINION*

FABE, Justice.

## I. INTRODUCTION

Shabd–Sangeet Khalsa bought a home kit from Mandala Custom Homes in August 2003. The house was assembled in Fairbanks and Khalsa moved into the home. Soon, the house developed various problems, including water leaking from the ceiling. Khalsa climbed a ladder to inspect the leak and fell, injuring herself. Khalsa sued Mandala and other parties in February 2006, alleging that the house was defective and that defects in the home caused a variety of damages, including damages related to Khalsa's fall. The superior court set a discovery schedule, and, when discovery did not proceed smoothly, ordered Khalsa in January 2008 to sign medical release forms, present herself for deposition, and submit to medical and psychological testing, cautioning her that if she did not comply with discovery orders the superior court could impose sanctions, including dismissal of her claims. When Khalsa did not sign the medical release forms, the superior court found that her refusal was willful noncompliance with its order and in July 2008 dismissed Khalsa's injury-related claims and damages as a discovery sanction.

Proceeding with Khalsa's other claims, in August 2008 the superior court turned to Khalsa's deposition, which had been delayed since the defendants originally attempted to schedule it in October of 2007. Khalsa had previously argued that the defendants had to pay for her and a caregiver to travel to Alaska for the deposition and requested that the deposition be conducted in writing; the superior court resolved these issues at the January 2008 hearing by scheduling the deposition for an agreed-upon date in April 2008. Khalsa missed the April deposition, notifying defendants only one day prior that she would not attend unless they provided advanced travel costs. Overlooking Khalsa's conduct in relation to the missed April deposition, the superior court rescheduled the deposition with Khalsa's agreement for September 3, 2008, and ordered her to attend. Although Khalsa did appear briefly at the deposition, she walked out shortly after it began, handing opposing counsel a pre-prepared notice terminating the deposition. Defendants moved for dismissal of Khalsa's suit. The superior court concluded that Khalsa's conduct at the deposition constituted a continuing willful refusal to comply with discov-

ery orders and imposed litigation-ending sanctions, dismissing her entire case with prejudice. We affirm the superior court's discovery sanctions.

## II. FACTS AND PROCEEDINGS

In August 2003 Shabd–Sangeet Khalsa contracted to purchase a home from Mandala Custom Homes (Mandala), a Canadian company based in Nelson, British Columbia, and owned by Lars Chose and Tamasine Drisdale. Mandala shipped the home kit to Khalsa in Fairbanks; it arrived on August 26, 2003. Khalsa paid to have Chose come to Fairbanks and supervise assembly. Khalsa alleged that during assembly Chose discovered that some parts of the house were missing; Khalsa also alleged that Chose made mistakes in assembling the house. Khalsa moved into the home in February 2004.

Khalsa asserted that shortly after she moved in she noticed water dripping near a skylight. Khalsa stated that she contacted Chose to complain about the dripping and that Chose "appeared to indicate" to Khalsa that she would have to inspect the leak to describe it to Chose. According to Khalsa, she climbed a ladder to the skylight area to do this, but she fell from the ladder, injuring her shoulder, elbow, and wrist.

On February 27, 2006, Khalsa filed a pro se complaint against Mandala, Chose, Drisdale, and Gordon Stein, the engineer who approved the design plan for Khalsa's house. Khalsa made claims for "[b]reach of warranty against defects in materials and workmanship, and against defects in the design, [b]reach of warranty of merchantability, [b]reach of warranty of fitness for particular purpose, and failure or refusal to comply with ... specific promises to make things right." Khalsa included in her complaint that she developed "complications during the healing process of the injuries she sustained"

and that she "[h]ad been subjected to additional pain and suffering" due to additional surgeries. Khalsa asked for general damages in the amount of $250,000 along with "proven incidental and consequential damages." The $250,000 represented "the difference between the value of the defectively designed ... [h]ome ... together with the unanticipated costs plaintiff endured as a result of her injuries, and the value the home would have had if it had been as warranted by defendant manufacturer to plaintiff," but it did not include "continuing irreparable physical, psychological, and emotional injury for more than two years of unfulfilled promises from Lars Chose that [Mandala] would make things right."

The superior court set a pretrial conference for June 11, 2007, which Khalsa did not attend. On June 13 the court issued a pretrial order setting discovery deadlines and scheduling trial for the week of May 19, 2008. On July 12, 2007, the superior court held a status hearing; Khalsa was present. The court explained the purposes of the Alaska Rules of Civil Procedure, specifically pointing Khalsa to Rules 26–37 governing discovery, and advised Khalsa that even as a pro se litigant, she was required to follow them. The superior court also suggested to Khalsa that she retain or consult with an attorney. The court emphasized the importance of meeting discovery deadlines, noting that as the trial date approached the court would "become less flexible [about deadlines] because it prejudices the other parties." The superior court then ordered initial disclosures completed by August 15, 2007.[1]

On January 16, 2008, the superior court held another status hearing. Khalsa appeared telephonically from Arizona. The defendants complained that they had not received any discovery from Khalsa[2] and had been unable to take her deposition[3] or obtain

1. Khalsa did not file initial disclosures until January 15, 2008, but the superior court recognized that other parties were also late in filing initial disclosures and accepted Khalsa's late-filed disclosures without penalty.

2. Defendants acknowledged receiving Khalsa's initial disclosures that morning but noted imme-

diately that no supporting documents were attached.

3. Defendant Stein's counsel sent a letter to Khalsa on October 23, 2007, requesting to set a date to take her deposition but did not receive any response. Khalsa faxed a motion the morning of the January 16, 2008 hearing explaining that she had requested that defendants consider "submit-

signed medical releases. The superior court explained to Khalsa that she was required to provide information about her claims and damages to the defendants. The superior court cautioned Khalsa that if she did not comply with discovery orders, it could impose sanctions such as claim preclusion. After a short discussion with Khalsa regarding her injury-related claims and damages, the superior court expressly found that Khalsa had "placed ... both her physical condition and her mental condition at issue claiming damages in this case." The court orally ordered Khalsa to sign medical release forms by February 4, 2008; to make herself available for deposition scheduled for April 25, 2008, in Fairbanks; and to submit to an independent medical evaluation and psychological evaluation. The April deposition was scheduled by agreement for after Khalsa planned to return to Alaska from Arizona. The superior court also postponed the trial to November 17, 2008, to give the parties adequate time to complete discovery and prepare for trial.

On March 13, 2008, Stein filed a motion for sanctions, asserting that Khalsa had been completely uncooperative with the discovery process and had, among other things, failed to provide signed medical release forms by the February 4, 2008 deadline; Mandala and Chose joined the motion. Stein stated that he sent medical release forms to Khalsa on January 17 and had heard nothing in response. Stein asked the superior court to dismiss the matter. In response, Khalsa filed a request to reschedule the trial and extend discovery.[4] She also asserted that she had "never failed or refused to provide discovery" but that she had been unable to produce documents or appear for deposition (at least without advance payment from defendants for her and her caregiver to travel to Alaska) because she had been out of state for surgery, treatment, and therapy related to her 2004 injury.

Before the superior court ruled on defendants' sanctions motion, April 25 arrived and

Khalsa did not appear for her scheduled deposition, instead faxing on April 24 a statement that she would be unavailable because she was in Washington, en route from Arizona. She added that she believed that "the ... [d]eposition may have been scheduled at a time when defendants knew plaintiff was still not yet in the State of Alaska" and that she would only be able to appear a sufficient amount of time after defendants sent advanced payment for her travel expenses. Citing this incident, Stein filed a supplemental memorandum in support of sanctions on April 28, 2008; Mandala and Chose again joined.

On July 31, 2008, the superior court issued a memorandum decision and order imposing discovery sanctions against Khalsa. The superior court found that Khalsa had failed to comply with any of its orders issued at the January 2008 hearing. Citing Alaska rules of procedure and case law, the court determined that "[t]he information [ ] Khalsa ha[d] failed to disclose [was] material to her claims," that her "refusal to provide discovery has prejudiced the defendants' ability to defend against her claims," and that her conduct, at least in refusing to sign medical release forms, was willful. The court decided that an appropriate sanction was to bar some of Khalsa's claims while allowing others to go forward. The superior court thus ordered that Khalsa could not "present evidence of her physical injuries or medical expenses" because of "[her] willful refusal to sign medical records releases after the court clearly ordered her to do so."

On August 15, 2008, the superior court held another status hearing; Khalsa was present. The court again urged Khalsa to retain counsel, reminded her of past-due discovery deadlines, and warned her that failure to comply with discovery could result in dismissal of her claims. But the court nevertheless denied defendants' motion to deem their unanswered requests for admissions

---

ting questions in writing and she would respond in writing to avoid the unnecessary cost of a deposition" but she had not received any questions in writing. Khalsa also generally requested that "all discovery be conducted in writing until at least after March or April."

4. The superior court dismissed Khalsa's request to reschedule as moot because it had already moved trial to November 17, 2008, just one week earlier than Khalsa's requested date.

admitted, allowing Khalsa additional time to respond. The court also called Khalsa's husband during the hearing and set up a tentative house inspection date. Then, the superior court ordered Khalsa to (1) answer defendants' discovery requests by August 26, 2008;[5] (2) prepare a witness list by August 26, 2008; and (3) schedule a time for defendants' expert to inspect her house. In addition, after arriving at an agreed-upon date, Khalsa was ordered to appear for her deposition on September 3, 2008.

Khalsa did appear for deposition on September 3, 2008. But after just five minutes of questioning Khalsa terminated the deposition.[6] Khalsa handed counsel a pre-prepared notice to terminate the deposition, which alleged that the deposition was "intentionally designed to cause [her] to endure further emotional distress, due to the psychological trauma ... that was caused or contributed to by the defendants." She also handed counsel a motion requesting, among other things, that deposition questions be submitted and answered in writing.[7] She filed these two documents with the superior court later that day. On September 8, 2008, Stein, soon joined by Mandala and Chose, filed a renewed motion for sanctions in response to Khalsa's actions.

On October 24, 2008, the superior court issued a decision dismissing Khalsa's suit. Initially reviewing and affirming its July 31, 2008 order dismissing Khalsa's injury-related claims and damages,[8] the superior court emphasized that it had treated Khalsa leniently, explained the discovery process to her, and warned her of the consequences of failure to comply, but that Khalsa "repeatedly disregarded the court's orders, ignored Defendants' discovery requests, and insisted upon following a schedule based on her own convenience." Turning to more recent events, the court found that (1) Khalsa's "refusal to participate in her deposition in a meaningful way constituted willful noncompliance with th[e] court's order"; (2) defendants had been prejudiced by Khalsa's refusal to be deposed and by her other discovery delays; and (3) "there is a nexus between the withheld discovery and the proposed sanction dismissing the claims." The superior court reviewed the alternatives it had offered Khalsa and summarized that "the court's admonitions during hearings and dismissal of medical claims were unsuccessful in encouraging Ms. Khalsa to be more cooperative in the discovery process." The superior court concluded that Khalsa's "violations of discovery rules, refusal to comply with the court's orders, delays, and general lack of cooperation are sufficiently egregious to allow the court to

---

**5.** Khalsa filed responses to defendants' interrogatories and requests for admissions by the August 2008 deadline.

**6.** After asking for her name and address, counsel for defendant Chose asked Khalsa whether she had received help drafting her complaint and Khalsa answered that a paralegal in Palmer had typed what she gave him. Then the following exchange occurred:

Q: Besides typing up your complaint, using words that you chose, what else did Mr. Hart do?
A: I don't know.
Q: You don't know what Mr. Hart did on your behalf?
A: You know, you're already getting in a strange venue here. What is it that you want to know?
Q: I want to know what assistance Mr. Hart gave you. And then I have other questions.
A: I hired him as a paralegal.
Q: Okay. And I don't know what that means, so I need—the only way I can.....
A: You're a lawyer and you don't know what that means?

Q: No, I don't, Ms. Khalsa. And I'm not—I really am not planning on spending the afternoon fencing with you. If you're not going to answer the question,.... I'll go to the court and make a determination as to whether you should be ordered to answer the question.
A: We're through.
Q: Ms. Khalsa, you've handed me something I don't know what it is and apparently.....
A: I'd suggest you look at it because I've just terminated the deposition.
Q: Okay.
(Witness exits deposition room)

**7.** Khalsa had previously suggested that discovery be conducted solely in writing; the superior court advised her that this was not practicable.

**8.** The superior court interpreted Khalsa's September 3, 2008 motion for order in part as a motion for reconsideration pursuant to Alaska Civil Rule 77(k), treating it as timely even outside the ten-day limit on account of Khalsa's pro se status.

exercise its discretion to impose the sanction of dismissal."

Khalsa appeals both the July 31, 2008 order and the October 24, 2008 order.[9]

## III. STANDARD OF REVIEW

■ We review a trial court's decision to impose sanctions for discovery violations for abuse of discretion.[10] This discretion is limited, however, "when the effect of the sanction [the trial court] selects is to impose liability on the offending party, establish the outcome of or preclude evidence on a central issue, or end the litigation entirely."[11]

## IV. DISCUSSION

The thrust of Khalsa's appeal is that the superior court erred by imposing claim-ending and then litigation-ending sanctions for her discovery violations. We address each of the two dismissal orders in turn. Because the superior court's underlying discovery orders were not improper and because the superior court thoroughly considered whether Khalsa's noncompliance was willful, prejudicial to defendants, and directly connected to the imposed sanction, along with the availability of lesser alternative sanctions, we affirm the superior court's claim-ending and litigation-ending discovery sanctions. We attach as Appendices A and B the superior court's two orders to illustrate the thoroughness of the superior court's analysis and its precision in tailoring the successive sanctions to address Khalsa's conduct.

### A. The July 31, 2008 Sanction Dismissing Khalsa's Injury–Related Claims And Damages

■ On July 31, 2008, the superior court dismissed with prejudice Khalsa's injury-related claims and damages, ruling that "[b]ecause of [Khalsa's] willful refusal to sign medical record releases after the court clearly ordered her to do so, [she] may not present evidence of her physical injuries or medical expenses." We conclude that the superior court did not abuse its discretion by imposing this claim-ending sanction against Khalsa. Alaska Civil Rule 37[12] "affords trial courts broad power to enforce discovery orders by the use of sanctions"[13] up to and including dismissal of a party's claim because "outright failures to respond to discovery halt the case development process dead in its tracks, and threaten the underpinnings of the discovery system."[14] While we have cautioned that only "extreme cases" warrant use of litigation-ending sanctions,[15] a trial court may impose claim-ending or litigation-ending sanctions if it finds that (1) the non-complying party willfully violated the order at issue; (2) non-disclosure of that information results in prejudice to the opposing party; (3) the dismissal is sufficiently related to the violation at issue; and it considers "a reasonable exploration of alternatives to dismissal and whether those alternatives would

---

9. Defendants respond only to Khalsa's appeal of the October 24, 2008 order dismissing Khalsa's entire suit. But taking her pleadings liberally because Khalsa is a pro se litigant, Khalsa has appealed both of the orders. *See Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987) ("[T]he pleadings of pro se litigants should be held to less stringent standards than those of lawyers.").

10. *Underwriters at Lloyd's London v. The Narrows*, 846 P.2d 118, 119 (Alaska 1993).

11. *Sykes v. Melba Creek Mining, Inc.*, 952 P.2d 1164, 1169 (Alaska 1998).

12. In relevant part, Civil Rule 37(b)(2) provides:

    If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

    . . . .

    (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
    (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

13. *DeNardo v. ABC Inc. RVs Motorhomes*, 51 P.3d 919, 922 (Alaska 2002) (quoting *Hughes v. Bobich*, 875 P.2d 749, 752 (Alaska 1994)).

14. *Id.* at 921 (quoting *Hikita v. Nichiro Gyogyo Kaisha, Ltd.*, 12 P.3d 1169, 1175 (Alaska 2000)).

15. *Id.* at 922 (citing *Hughes*, 875 P.2d at 752).

adequately protect the opposing party as well as deter other discovery violations."[16]

■ Khalsa initially appears to argue that the superior court's underlying discovery order directing her to sign medical release forms was improper, referring to the release forms as "overbroad" and stating that she "advised the court and the defendants that the wording in her complaint stated the damages were not inclusive of her injury or the trauma she had suffered" and that "if the defendants wanted her to sign medical waivers . . . she would move to amend her complaint to include them." But the superior court expressly found at the January 16, 2008 hearing that Khalsa had "placed . . . both her physical condition and her mental condition at issue claiming damages in this case." We review a trial court's factual findings for clear error, reversing only when "after a thorough review of the record" we are left with a "definite and firm conviction that a mistake has been made."[17] Here, the superior court made its finding after it asked Khalsa if she was making a claim for personal injury, to which Khalsa responded: "Well, you saw my original complaint[18] . . . and there [are] also resulting injuries from the defective design and the request of Lars Chose . . . when trying to figure out what was going on, I fell off the ladder." We cannot say that the record contradicts the superior court's finding that Khalsa placed her physical and mental condition at issue.

■ In imposing claim-ending discovery sanctions, the superior court thoroughly reviewed the Alaska Rules of Civil Procedure and our guidance in *Hikita v. Nichiro Gyogyo Kaisha, Ltd.*[19] for the relevant standards governing Rule 37(b) discovery sanctions. The superior court initially found that Khalsa's noncompliance was willful because Khalsa was "clearly" and "expressly" ordered at the January 16, 2008 hearing to return the signed medical release forms to defendants, or to file objections, by February 4, 2008. Willfulness in the discovery context is defined as a "conscious intent to impede discovery, and not mere delay, inability or good faith resistance."[20]

Khalsa disputes the superior court's willfulness determination, maintaining that she "did not refuse to sign medical waivers" because "[t]he medical damages were not fully developed and not included in her claims, nor [was] the psychological trauma she had endured." But Khalsa's argument ignores the superior court's determination that the defendants were entitled to obtain injury-related information, including information about preexisting conditions and other information from Khalsa's doctors. After arranging for the defendants to prepare medical release forms and send them to Khalsa for her signature, the superior court ordered Khalsa to sign and mail the forms by February 4, 2008, adding that she could file objections but that any objections had to be filed with the court by February 4. Khalsa did not file any objections and failed to comply with the superior court's order to sign the releases. In *DeNardo v. ABC Inc. RVs Motorhomes*, we upheld a litigation-ending discovery sanction imposed against a pro se plaintiff who refused to answer discovery requests as ordered by the trial court on grounds that the defendants were not entitled to the informa-

16. *Id.* at 922–23; *see also* Alaska R. Civ. P. 37(b)(3)(A)-(D).

17. *Shooshanian v. Dire*, 237 P.3d 618, 622 (Alaska 2010) (internal quotation marks and citations omitted).

18. In relevant part, Khalsa's complaint alleged: As a consequence of defendant manufacturer's defective design, and the apparent indication from Lars Chose, that plaintiff must discover the cause of the dripping herself, plaintiff was caused to suffer, and continues to suffer, needless pain and suffering from the injuries she sustained from a fall while inspecting the dripping skylight, and from repeated operations she has been forced to endure. Plaintiff sus-

tained a considerable economic loss due to her injuries, the extensive period of time consumed by repeated operations, and period of recovery time.

19. 12 P.3d 1169.

20. *Hawes Firearms Co. v. Edwards*, 634 P.2d 377, 378 (Alaska 1981). We have upheld findings of willful noncompliance for continuing violations of a court's discovery orders, and also where a pro se plaintiff had "made no effort to comply" with discovery orders and demonstrated "no intention of ever complying with the court's orders." *DeNardo*, 51 P.3d at 923–24.

tion; we affirmed the trial court's willfulness finding because the trial court had "previously decided that [the defendants] had precisely that right" when it ordered the plaintiff to produce discovery.[21] Similarly here, Khalsa simply ignored the superior court's express finding that defendants were entitled to medical information and disobeyed the order to sign the medical releases or object to their form. Instead, Khalsa continued to insist that defendants did not have a right to her medical history and other medical records.

After considering Khalsa's willfulness, the court determined that Khalsa's conduct prejudiced the defendants "by depriving them of any information and evidence about her claims and damages."[22] The superior court then considered (and ultimately chose) a lesser alternative sanction[23] and precisely tailored the claim-ending sanction to Khalsa's noncompliance.[24] We conclude that the superior court's claim-ending sanction was not an abuse of discretion and attach the superior court's thorough and thoughtful order.

### B. The October 24, 2008 Sanction Dismissing Khalsa's Suit

■ On October 24, 2008, the superior court dismissed all of Khalsa's remaining claims with prejudice, determining that Khalsa's "pattern of excuses and long delays in providing information for discovery culminat-

ing in her refusal to participate in her deposition by the defendants was willful refusal to comply with the court's orders during the hearings on January 16 and August 15, 2008." We conclude that the superior court's October 24, 2008 order imposing litigation-ending discovery sanctions was not an abuse of discretion because, as in its July 2008 order, the court thoroughly considered all of the relevant factors in deciding dismissal was warranted.

Khalsa initially argues that she did not willfully fail to appear for her April 25, 2008 deposition.[25] The superior court did note that Khalsa "must have realized before April 24 that her location . . . would not enable her to arrive in Alaska in time . . . [but] she did not bother to notify Defendants until she faxed notice on the morning of April 24." The court specifically stated that it "did not sanction Ms. Khalsa for her conduct with respect to the deposition scheduled for April 25, 2008, but insisted that another date for the deposition be set." Khalsa's first argument, that she did not willfully fail to appear at the April deposition, is thus unrelated to the propriety of the sanction dismissing her suit.

Khalsa next contends that she did not willfully disobey the superior court's order at the September 3, 2008 deposition, arguing that

---

21. 51 P.3d at 923.

22. Because parties are entitled to discovery of relevant information so that they can prepare for litigation, discovery violations prejudice the opposing party where the discovery requested is relevant to the opposing party's case or would have been helpful in uncovering information relevant to the opposing party's case. *See id.* at 924–25.

23. *Hikita*, 12 P.3d at 1176 (quoting *Underwriters at Lloyd's London v. The Narrows*, 846 P.2d 118, 119, 121 (Alaska 1993)) (requiring that a trial court explore "possible and meaningful alternatives to dismissal" and explaining that if alternative sanctions are available a trial court should consider these lesser sanctions before dismissing the case with prejudice).

24. Sanctions imposed under Civil Rule 37(b)(2) must be "sufficiently related" to the discovery violation because "[i]f the issues established are not sufficiently related to the withheld information, the discovery sanction is considered mere

punishment and is impermissible." *Lee v. State,* 141 P.3d 342, 350 (Alaska 2006) (internal quotation marks and citations omitted). "The test for the validity of a discovery sanction that dismisses claims . . . under [Rule 37(b)(2)] is whether these claims . . . are 'elements of the dispute that cannot be determined on the merits without disclosure of the evidence the court has ordered the party to produce.'" *Hazen v. Municipality of Anchorage*, 718 P.2d 456, 460 (Alaska 1986) (quoting *Bachner v. Pearson*, 479 P.2d 319, 324 (Alaska 1970)).

25. Khalsa relatedly contends that "the defendants and the court attempted to force [her] to travel from Arizona to Alaska immediately at her own expense." But the record reflects that the superior court did not force Khalsa to return to Alaska for her deposition. Instead, the superior court stated at the January 16, 2008 hearing that Khalsa's deposition should be scheduled for the last week of April or first week of May after Khalsa said she would be back in the state in the middle of April. Khalsa agreed April 25 would work.

she believed she "was entitled to a ruling on her request for a protective order to limit inquiry into privileged information, and not to be sanctioned with a dismissal of all her claims for exercising her rights under the rules."[26] She states that she "appeared at the deposition in good faith ready to answer questions" and "would have been ready and willing to continue with the deposition after the court's ruling." Defendants respond by pointing out that "[d]espite all efforts, including two orders from the court requiring her to attend her own deposition, the deposition still had not been completed two years after the complaint was filed, and only three months before the matter was scheduled to go to trial."

Sanctioning Khalsa for exercising her right under Civil Rule 30(d)(3) to suspend her deposition to file for a protective order would certainly be inappropriate, but we cannot conclude that is what happened in this case. We initially recognize that Khalsa's sudden departure from the September 3, 2008 deposition was not the first deposition-related issue in this litigation. Besides the missed April 2008 deposition, Khalsa had already requested that the superior court order all proceedings to be conducted in writing, but her request was denied. Moreover, the superior court's finding that Khalsa did not terminate her deposition in good faith is a factual finding that we review for clear error,[27] and the trial court is in the best position to evaluate a litigant's good faith.[28] The superior court explained its finding that

Khalsa's "termination of the deposition within a few minutes after it started was not a good faith application of Civil Rule 30(d)(3), but instead was an attempt to avoid the discovery process or to manipulate the court and parties for Ms. Khalsa's own convenience":

> On September 3, Ms. Khalsa left within fifteen minutes after she arrived. The transcript of the deposition shows that she arrived carrying the notice of termination of the deposition and the motion for an order limiting the scope and manner of deposition. Counsel for Defendant Stein had asked only a few questions before she produced her documents and walked out. Ms. Khalsa's arrival with the two documents suggest that she at best, was prepared to walk out of the deposition if she felt uncomfortable and at worst, had no intention of answering Defendants' deposition questions to the best of her ability.

The record does not suggest that the superior court's factual findings regarding Khalsa's willfulness are clearly erroneous.

After determining that Khalsa's conduct amounted to willful noncompliance, the superior court clearly and thoroughly discussed the remaining sanction factors, repeatedly citing to this court's case law.[29] The court found that Khalsa's conduct had already prejudiced defendants and was continuing to do so,[30] and that there was a clear nexus between Khalsa's refusal to be deposed and a

---

**26.** Alaska Civil Rule 30(d)(3) states in relevant part:

> At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court ... may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.

**27.** *Enders v. Parker,* 125 P.3d 1027, 1030–31 (Alaska 2005) ("The good faith inquiry requires a factual determination of intent that we review for clear error.").

**28.** *See Reid v. Williams,* 964 P.2d 453, 461–62 (Alaska 1998) (stating that the superior court is "in the best position to determine whether a party's behavior was ... in bad faith"); *see also Shooshanian v. Dire,* 237 P.3d 618, 626 (Alaska 2010) (explaining that this court will "give great deference to the trial court's credibility findings").

**29.** *E.g., Lee v. State,* 141 P.3d 342 (Alaska 2006); *DeNardo v. ABC Inc. RVs Motorhomes,* 51 P.3d 919 (Alaska 2002); *Hikita v. Nichiro Gyogyo Kaisha, Ltd.,* 12 P.3d 1169 (Alaska 2000).

**30.** *See supra* note 22.

litigation-ending sanction.[31] It stated that "[Khalsa] is the plaintiff who made the factual allegations in the complaint and brought claims for damages against Defendants," adding that "[s]he clearly has knowledge and information that Defendants cannot discover other than through a deposition of the plaintiff, and without the information, Defendants have no way to form a reasonable defense against her claims." Finally, the superior court determined after careful consideration that no lesser sanction was available,[32] citing the many previous steps it had taken to urge Khalsa to comply with discovery—giving her extra time to produce initial disclosures, setting extended deadlines for her to respond to what should have been extra-judicial discovery matters, allowing her several extra months to return to Alaska before ordering her to respond to defendants' discovery requests, denying defendants' initial request for dismissal of all of her claims, and not sanctioning her for her conduct regarding the April 23, 2008 deposition. The superior court did not abuse its discretion in imposing litigation-ending discovery sanctions.[33]

## C. Khalsa's Additional Arguments

Khalsa alleges that "the trial court's conduct ... appeared to be an open display of prejudice and bias toward the pro se plaintiff." We have reminded pro se litigants that "judicial bias should not be inferred merely from adverse rulings." [34] Nothing in the record points to bias by the superior court. Indeed, the record reveals that the superior court made repeated efforts to instruct and advise Khalsa of her obligations under the Alaska Rules of Civil Procedure.

Khalsa also asserts that the superior court's order denying her March 31, 2008 request to postpone trial was error. The superior court determined that Khalsa's re-

---

**31.** *See supra* note 24.

**32.** *See supra* note 23; *see also DeNardo,* 51 P.3d at 926–27 (affirming that the superior court undertook a proper "reasonable exploration" of alternatives where it first imposed a monetary sanction, then issued a stay, and finally dismissed the case, stating that lesser sanctions were unsuccessful).

**33.** The superior court based its litigation-ending sanction specifically on Khalsa's failure to "meaningfully participate in her deposition." But because the superior court also cited Khalsa's "violations of discovery rules, refusal to comply with the court's orders, delays, and general lack of cooperation" we briefly address Khalsa's arguments that (1) she did not willfully refuse to respond to defendants' discovery requests because the information was not within her "possession, custody or control"; and (2) she did not willfully refuse to provide discovery because she gave defendants six disks of information.

Khalsa first argues that where failure to comply is due to inability rather than willfulness, dismissal is not an appropriate sanction. But under Civil Rule 34, a party may have "control" of documents even where they are presently in the "possession" of another. *See Hawes Firearms Co. v. Edwards,* 634 P.2d 377, 380 n. 6 (Alaska 1981) (affirming a superior court's finding that plaintiff had willfully disobeyed a production order and explaining that "[t]he fact that these materials may have been in the possession of its advertising agency does not negate the fact that [plaintiff] had 'control' of the items, within the meaning of Rule 34") (citations omitted). And "[a] party cannot satisfy a discovery request by claiming that it is 'attempting to ascertain the answers,' and putting off its obligation to a later date." *Hikita,* 12 P.3d at 1175. Thus, Khalsa's contention that she could not respond to discovery because she was in Arizona while her documents were in Alaska is not persuasive, especially because this excuse lasted for approximately seven months.

Khalsa also claims that she did not willfully refuse to provide discovery because she gave defendants six disks of information. Khalsa gave defendants these disks just before the discovery status hearing. But the fact that disclosure of requested information "was eventually accomplished" does not mean that the sanction may not stand—"[f]inal production is not determinative" because Civil Rule 37 permits sanctions when a party "fails to obey an order." *Hawes,* 634 P.2d at 380 (explaining that "[t]he ultimate, and reluctant, production of documents, more than a year after a legitimate request does not absolve [a party] of the charge that it willfully failed to obey a valid court order") (citations omitted). The superior court recognized that Khalsa eventually produced these disks and responded to defendants' discovery requests but this does not cure her initial failure to obey a valid court order.

**34.** *Tillmon v. Tillmon,* 189 P.3d 1022, 1027 n. 13 (Alaska 2008) (rejecting pro se appellant's argument that the trial court was biased against him because it denied his request for shared custody); *see also Olivit v. City & Borough of Juneau,* 171 P.3d 1137, 1147 (Alaska 2007) (explaining that a superior court's dismissal of a pro se plaintiff's claims on summary judgment "does not imply partiality or bias").

quest to move the trial to the week of November 25, 2008 was moot in light of the superior court's postponing the trial until November 17, 2008. Khalsa herself agreed to the November 17, 2008 trial date and in fact expressed a desire to have the trial sooner.

### D. Attorney's Fees

■ On December 8, 2008, the superior court awarded 50% of each defendant's attorney's fees and costs, ordering enhanced attorney's fees because although "plaintiff may have had a valid claim based upon the allegations in the complaint ... [she] did not disclose information in compliance with the discovery requirements." The superior court added that "[t]he nondisclosure was more than a pro se party being unfamiliar with the legal process" and concluded that "[a]fter the repeated admonitions of this court to comply ... [Khalsa's] failure to comply was unreasonable, a conscious act and in bad faith." Khalsa argues in her reply brief that "the award of enhanced attorney fees as an additional sanction against the plaintiff, in addition to litigation ending sanctions, was in the nature of plain error." Because Khalsa failed to challenge the superior court's attorney's fees award in her points on appeal, did not brief the issue in her opening brief, and does not cite any legal authority for her argument, the question of attorney's fees is not properly before us.[35]

■ We note that Alaska Civil Rule 82(b)(3) grants the trial court discretion to award fees in excess of the rule's schedule and we will not reverse a fee award unless the trial court has abused that discretion.[36] A trial court may award full attorney's fees if it finds that a party engages in vexatious and bad faith litigation,[37] but an enhanced award of less than full fees does not require such conduct.[38] In light of the considerable discretion given to trial courts in this area,[39] we cannot conclude that the superior court's enhanced attorney's fee award was improper in these circumstances.

## V. CONCLUSION

We AFFIRM the superior court's claim-ending and litigation-ending discovery sanctions.

### Appendix A

### *MEMORANDUM DECISION AND ORDER*

### I. INTRODUCTION

The parties have filed several motions. Plaintiff Shabd–Sangeet Khalsa is a *pro se* litigant. Defendants Lars Chose, Gordon Stein, and Mandala Custom Homes are now represented by lawyers, but Tamasine Drisdale remains *pro se*. Defendants complain that Ms. Khalsa has not cooperated with discovery required under the Rules of Civil Procedure.

### II. FACTS

Ms. Khalsa entered a contract to purchase a manufactured home from Mandala Custom Homes, which is a Canadian business located in British Columbia. On August 26, 2003, a Mandala Custom Home kit was delivered to

---

**35.** *See Braun v. Alaska Commercial Fishing & Agric. Bank,* 816 P.2d 140, 145 (Alaska 1991) ("Because the issue was absent from his points on appeal, and because the issue was insufficiently briefed in his opening brief, [appellant] has abandoned it."); *see also Peterson v. Ek,* 93 P.3d 458, 464 n. 9 (Alaska 2004) ("[E]ven when a pro se litigant is involved, an argument is considered waived when the party 'cites no authority and fails to provide a legal theory' for his or her argument.") (quoting *A.H. v. W.P.,* 896 P.2d 240, 243 (Alaska 1995)).

**36.** *Nielson v. Benton,* 957 P.2d 971, 973 (Alaska 1998) (internal citations omitted) (determining that a trial court's award of 50% of actual attorney's fees was not an abuse of discretion where the trial court found that a litigant brought a weak claim, pursued the weak claim for an extended period, and was overly litigious).

**37.** *Garrison v. Dixon,* 19 P.3d 1229, 1234 (Alaska 2001); Alaska R. Civ. P. 82(b)(3)(G).

**38.** *Cole v. Bartels,* 4 P.3d 956, 960–61 (Alaska 2000) (concluding that a trial court's enhancement to 75% because a party increased the complexity of the case and presented unreasonable claims and defenses was not an abuse of discretion).

**39.** *See Nielson,* 957 P.2d at 973.

Ms. Khalsa's property in Fairbanks.[1] Lars Chose, who is an owner of Mandala Homes, personally supervised the initial assembly of the house. Ms. Khalsa has alleged that when materials in the kit were inventoried, she and Mr. Chose discovered that some items were either missing or defective. Nonetheless, they proceeded with assembly. Ms. Khalsa asserts that she assumed the missing and defective items would be corrected.[2] Ms. Khalsa also claims that mistakes were made during assembly of the house.[3]

In February 2004, Ms. Khalsa moved into the house. Problems with the skylight immediately became apparent, and Ms. Khalsa contacted Lars Chose. Water was dripping from the skylight, which was approximately 18 feet above floor level. Ms. Khalsa alleges that Mr. Chose asked her to examine the skylight in order to diagnose the problem. While Ms. Khalsa was on a ladder inspecting the skylight, she fell and severely injured her left arm.[4] Ms. Khalsa developed complications, which required additional surgery. She alleges that she has continued to experience pain and disability due to the injuries caused by the fall.

Ms. Khalsa alleges that by February 2005, Mandala Homes had redesigned the roof for future Mandala kits. She alleges that Mandala Homes and Lars Chose have refused to make necessary repairs or renovations to render her roof functional in the cold Fairbanks climate.[5] Lars Chose asserts that the roof design was changed for reasons of greater ease of shipping and ecological sustainabil-ity of the newer design.[6] Defendants deny the existence of design defects in the roof for Ms. Khalsa's house.[7]

Ms. Khalsa's *pro se* complaint claims breach of contract, breach of express warranty with regard to defects, and breach of implied warranty for a particular purpose.[8] She claims damages in excess of $250,000 plus incidental and consequential damages.[9] She claims she has sustained considerable economic loss due to her injuries and the extensive time required for multiple surgeries and rehabilitation.[10] She appears to include the cost of medical treatment within her claim for consequential damages.[11]

Ms. Khalsa filed her *pro se* complaint on February 27, 2006. Defendant Gordon Stein was represented by counsel, and filed an answer in August 2006. All of the other parties were *pro se* through 2007. In December 2007, an attorney entered an appearance for Lars Chose and Mandala Custom Homes. Tamasine Drisdale remains *pro se* along with Ms. Khalsa.

On July 12, 2007, a hearing on discovery issues was held. The court explained Civil Rule 26 and the procedures and various requirements for discovery, including procedures and the concepts underlying discovery to Ms. Khalsa.[12] The court told the parties that initial disclosures should be completed by August 15, 2007.[13] Plaintiff Khalsa did not send her initial disclosures to Defendants until January 15, 2008, but other parties were similarly late with initial disclosures.[14] None of the parties have met the deadline for expert witness lists. Defendants filed no-

1. Complaint, at 3 (Feb. 27, 2006).

2. Complaint, at 3–4.

3. Complaint, at 5.

4. Complaint, at 6.

5. Complaint, at 7, 9.

6. Defendant Lars Chose Response [Answer] ¶ XIV (May 3, 2007).

7. Def. Lars Chose Response [Answer] ¶ XIV (May 3, 2007); Gordon Stein's Answer, at 3, ¶ 19 (Aug. 22, 2006).

8. Complaint (Feb. 27, 2006).

9. Complaint at 13.

10. Complaint, at 11, ¶ XXV.

11. *See* Plaintiff's Request to Reschedule Trial and Discovery, at 2, ¶ 3 (March 31, 2008) (appears to expect defendants [to pay] her medical expenses and associated travel costs).

12. CD 4FA4107–76, 04:30:31–04:57:48 (July 12, 2007).

13. CD 4FA4107–76, 04:56:10 (July 12, 2007).

14. *See* CD 4FA4408–4, 09:47:49–09:50:49 (Jan. 16, 2008).

tices that they were unable to file a list of expert witnesses without receiving discovery materials from Ms. Khalsa or being able to take her deposition.[15] Ms. Khalsa has filed neither an expert witness list nor an explanation for its lateness.

The pending motions currently before the court include (a) defendants' motion for protective order prohibiting the introduction of evidence of subsequent remedial actions; (b) Plaintiff's motion for leave to file late initial disclosures; (c) Defendant Tamasine Drisdale's Motion for Misjoinder; (d) Defendant's motion for sanctions against plaintiff for discovery violations.

## III. DISCUSSION

### A. *Motion by Defendants Lars Chose and Mandala Custom Homes for Protective Order Excluding Evidence Regarding Remedial Measures*

In February 2008, Defendants moved for a protective order under Alaska Evidence Rule 407 excluding evidence of remedial measures. Alaska Evidence Rule 407 states:

> When after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as impeachment or, if controverted, proving ownership, control, feasibility of precautionary measures, or defective condition in a products liability action.[16]

The policy behind this rule is explained in the Evidence Rules Commentary for Evidence Rule 407. Evidence of subsequent remedial measures may not be introduced to prove negligence or as admissions of fault.[17]

Ms. Khalsa's complaint, however, does not raise claims of negligence. Ms. Khalsa's primary claims regarding design and construction defects are based on contract and express or implied warranties. Her bodily injuries are among the consequential damages she claims were proximately caused by the alleged defective design of the roof and skylight. Her claim that her Mandala Custom Home had a defective roof/skylight design is essentially a products liability action. Evidence of subsequent remedial measures may be admissible when the parties disagree over whether the product was defective in a products liability action.[18] The parties in this case disagree over whether the design and/or construction of Ms. Khalsa's Mandala Home were defective.

In their motion for a protective order, Defendants list five broad categories of evidence they believe should be excluded.[19] The court declines to exclude evidence described in such broad terms. Nonetheless, Ms. Khalsa, who is *pro se*, should familiarize herself with Evidence Rule 407 and the corresponding Commentary. While evidence of design changes in Mandala houses after Ms. Khalsa experienced problems in the extreme Fairbanks winter climate are not admissible at trial as proof of negligence, the evidence may be admissible if there are controverted issues such as feasibility of repairs to correct problems with Ms. Khalsa's house, existence of a design defect, or whether Defendants breached the contract by failing to repair the roof and skylight.

Therefore, the court denies Defendants' motion to exclude evidence, but Defendants may raise Evidence Rule 407 issues again during trial with respect to specific issues and evidence.

### B. *Plaintiff's Motion for leave to file late initial disclosures*

On January 15, 2008, Plaintiff submitted her initial disclosures to the court as well as the other parties. Under Civil Rule 26(a)(1), a party shall provide the required initial disclosures to the other parties without waiting

---

**15.** Joinder in Notice to Court (May 7, 2008); Notice to Court (May 1, 2008).

**16.** Alaska R. Evid. 407.

**17.** Alaska R. Evid. Commentary 407.

**18.** *See* Alaska R. Evid. 407.

**19.** Mem. Protect. Order, at 2–3 (Feb. 7, 2008).

for a formal request. Plaintiff's certificate of distribution indicates she sent copies to all of the parties. Normally, initial disclosures and other discovery materials are not filed with the court.

This court ordered the parties to complete initial disclosures by August 15, 2007.[20] Another *pro se* litigant, Tamasine Drisdale, filed her initial disclosures with the court on November 8, 2007. Apparently Lars Chose did not make initial disclosures until after he obtained counsel in December 2007.[21] Plaintiff's initial disclosures, lodged on January 15, 2008, are five months late. Discovery has been contentious with allegations of Plaintiff's nondisclosure of required discovery and lack of cooperation with discovery requests. Filing of Plaintiff's initial disclosures provides evidence related to discovery issues raised by Defendants, such as the lateness of initial disclosures and whether the disclosures satisfied Civil Rule 26(a). For this reason and because Plaintiff is *pro se*, the court accepts Plaintiff's filing of her initial disclosures with the court.

### C. *Plaintiff's Request, to Reschedule Trial and Discovery, is Moot*

On April 1, 2008, Plaintiff requested that trial be rescheduled to November 25, 2008 and that discovery be extended until June 25, 2008. On January 30, 2008, however, this court issued an amended civil pretrial order scheduling the six-day trial to begin the week of November 17, 2008. November 17 is only one week earlier than her requested November 25, 2008. The court's busy calendar, with many other scheduled trials and hearings, does not permit rescheduling this trial one week later. The amended pretrial schedule states the close of discovery as July 21, 2008, which is almost a month after the date requested by Ms. Khalsa. Therefore, Plaintiff's request is denied.

**20.** Order (July 18, 2007).

**21.** *See* CD 4FA4408–4, 09:47:49–09:50:49 (Jan. 16, 2008).

**22.** Hearing, CD4FA4408–4, 09:50:33–09:51:53 (Jan. 16, 2008).

**23.** Hearing, CD4FA4408–4, 09:54:18–09:55:20.

### D. *Defendant Tamasine Drisdale's Motion for Misjoinder is denied*

Defendant Tamasine Drisdale has requested that she be removed as a defendant based on misjoinder because she alleges she lacked knowledge and responsibility for the design, construction, and representations made to the plaintiff. However, Ms. Drisdale admits to being a 35 percent partner in Mandala Custom Homes until February 2004. Khalsa entered a contract for the purchase of her home in June 2003 and her home was delivered in August 2003. Drisdale may be jointly liable with Lars Chose and Mandala for actions taken during the time she remained a partner. Therefore, the court denies Ms. Drisdale's motion for misjoinder.

### E. *Discovery disputes and Defendants' Motion for Sanctions Against Plaintiff*

#### 1. *Discovery issues addressed during January 16, 2008 hearing*

During the hearing on January 16, 2008, the court explained to Ms. Khalsa the importance of full disclosure of the evidence supporting her claim.[22] The court explained that she was required to sign release forms for Defendants to obtain her medical records.[23] Her claim regarding injuries due to her fall has placed her physical condition at issue. The court informed her that the defendants were entitled to know about pre-existing conditions through her medical records, not just treatment of injuries she has claimed in the current lawsuit.[24]

The court ordered Ms. Khalsa to make herself available in Fairbanks for Defendants to take her deposition during the last week in April or the first week in May, and Plaintiff orally agreed that this time period was acceptable because she expected to be [in] Alaska starting near the beginning of April 2008.[25] During the hearing, the court ex-

**24.** Hearing, CD4FA4408–4, 09:55:17–:32; 10:13:56–10:14:09.

**25.** Hearing, CD4FA4408–4, 09:58:07–09:59:50; 10:13:44–:56.

pressly found that Ms. Khalsa's claims placed her mental as well as physical condition at issue in this case, and ordered her to submit to an Independent Medical Evaluation (IME) and a psychological evaluation.[26]

The court ordered Mr. Kramer, attorney for Lars Chose and Mandala Custom Homes, to submit a written order to the court containing the orders discussed in the hearing.[27] Mr. Kramer lodged an order the following day. The proposed order contained the items ordered orally during the January 16, 2008 hearing. Although the written order submitted by Mr. Kramer was never processed, the court's oral orders during the hearing remained effective.

As discussed during the hearing, the court issued a new Pre–Trial Order scheduling discovery to close July 30, 2008 and a six-day jury trial to start November 17, 2008.[28]

During the hearing, the court ordered the plaintiff to submit to an independent psychological evaluation and an IME, both to be arranged by Defendants. The court ordered Ms. Khalsa to deliver signed medical record releases to all defendants by February 4, 2008. The defendants scheduled Plaintiff's deposition for April 25, 2008 in Fairbanks.

Ms. Khalsa has failed to comply with any of the court's orders from the January 2006 hearing. She has not signed the medical release forms. She did not appear in Fairbanks for her deposition. She has not cooperated for the scheduling of an IME.

### 2. Defendants' Motion for Sanctions against Plaintiff for Discovery Violations

On March 13, 2008, Defendants filed a motion for sanctions that would dismiss Plaintiff's case pursuant to Civil Rule 37(b)(2).[29] Alternatively, Defendants requested that the court order Ms. Khalsa to comply with the orders the court issued during the January 16, 2008 hearing and to pay Defendants' costs and attorney's fees for bringing this motion for sanctions.[30] Defendants suggest that Plaintiff be informed that her case will be dismissed if she fails to comply with court orders.[31]

Ms. Khalsa contends that she has not refused to comply, but is merely unable to comply until she returns to Alaska.[32] She asserts that most of her documents have been stored in Alaska, while she has been living in Arizona or traveling elsewhere in the United States and other countries for treatment of the injuries she suffered in the fall from the ladder. Ms. Khalsa insists that she will not be in possession and control of the documents or her house until she returns to Alaska. She claims that she should be excused from providing timely discovery based on her assertion that Defendants knew she would be travelling outside of Alaska without access to the documents required for discovery.[33]

During the January 2008 hearing, which she attended telephonically, she stated that she would be in Alaska by the beginning of April. She insisted that if Defendants wanted to take her deposition before April, they would have to pay her expenses. Accordingly, Defendants scheduled the deposition for April 25, 2008. On April 23, however, only two days before her scheduled deposition, she notified Defendants that she would not be in Alaska to attend her deposition. She refused to travel to Alaska for her deposition on April 25 because the defendants had not provided any money to cover her transportation to Alaska and other travel expenses.[34]

In her April 1, 2008 Opposition to Sanctions, Ms. Khalsa admits she received, but

26. Hearing, CD4FA4408–4, 10:10:14–:48; 10:42:46–10:43:35; 10:45:49–10:46:12.

27. Hearing, CD4FA4408–4, 10:46:12–:46.

28. Amended Civil Pretrial Order (Jan. 30, 2008).

29. On March 17, 2008, Lars Chose and Mandala Custom Homes joined Stein's motion for sanctions.

30. Def. Mtn. Sanctions, at 5–6 (March 13, 2008).

31. Id.

32. Opp. to Sanctions (April 1, 2008).

33. Opp. to Sanctions ¶ 6 (April 1, 2008).

34. Def. Supp. Re: Sanctions, Exh. B (April 28, 2008).

did not sign, the medical records release forms that Defendants sent her.[35] She complains that the forms did not specify particular doctors and did not limit the request for medical records to medical treatment of her injuries sustained in this case.[36] During the January 16, 2008 hearing, however, the court carefully explained to Ms. Khalsa that if she is claiming damages for physical injuries, the defendants are entitled to examine her medical records for relevant pre-existing conditions.[37] The court ordered her to file completed releases by February 4, 2008.[38]

The court also ordered Ms. Khalsa to submit to an IME and psychological evaluation pursuant to Civil Rule 35.[39] The defendants assert that without the releases for medical records, they cannot schedule an IME. They point out that the IME physician needs to review Ms. Khalsa's medical records before the IME. There is still no indication that Ms. Khalsa has ever signed the medical release forms.

With respect to an independent psychological evaluation, Ms. Khalsa argues that she has not placed her mental condition at issue.[40] Her complaint states in Paragraph XXXII:

> As a consequence of defendant manufacturer's breach of warranty of fitness for a particular purpose, free from defects in materials and workmanship, free from defective design, plaintiff has incurred damages in excess of $250,000 **which is not inclusive of continuing irreparable physical, psychological, and emotional injury from more than two years of unfulfilled promises from Lars Chose that Mandala Custom Homes would make things right.**[41]

She insists she has not requested damages because of a mental condition.[42] Ms. Khalsa's request for relief includes $250,000 in "general damages" plus additional "incidental and consequential damages."[43]

The complaint describes her fall and resulting physical injuries, for which she seems to hold Defendants responsible. Yet, Ms. Khalsa has not provided any information to defendants about her medical treatment or medical expenses so that the defendants can determine what she is claiming in this regard. Even the copy of her initial disclosures which she filed with the court does not contain any medical bills or similar indications of the amount of consequential damages she is claiming for physical injuries. Civil Rule 26(a)(1)(G) requires a plaintiff to include in initial disclosures,

> (G) all categories of damages claimed by the disclosing party, and a computation of each category if special damages, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such claims are based, including materials bearing on the nature and extent of injuries suffered.[44]

The initial disclosures that Ms. Khalsa filed with the court, Defendants complain that they have been unable to obtain any information from her about her damages.

Defendants also assert that Ms. Khalsa has not responded to their requests for her to arrange with her tenants to make the house available for inspection by the defendants' engineer.[45] It has been impossible for the defendants to make their own determination of the amount of her damages for repair of the house.

---

**35.** Opp. to Sanctions, at 8, ¶ 15.

**36.** Opp. to Sanctions, at 7–8 (April 1, 2008).

**37.** Hearing, CD4FA4408–4, 09:55:17–:32; 10:13:56–10:14:09.

**38.** Hearing, CD4FA4408–4, 10:41:14.

**39.** Hearing, CD4FA4408–4, 10:42:46–10:46:46.

**40.** Opp. at 11 (April 1, 2001).

**41.** Complaint, at 12–13, ¶ XXXII (emphasis added).

**42.** Opp. at 11.

**43.** Complaint, at 13.

**44.** Alaska R. Civ. P. 26(a)(1)(G).

**45.** Reply, at 3 (April 1, 2001).

Defendants sent her Requests for Admission, Production, and Interrogatories on January 24, 2008, but as of April 1, 2008, she had not responded in any way.[46] Under Civil Rule 37(d), failure to respond to interrogatories or requests for inspection is not excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Civil Rule 26(c). Ms. Khalsa does not have a pending motion for protective order.

Ms. Khalsa is pursuing this case without an attorney. Once a court has advised a *pro se* litigant of the proper procedures for the action she is attempting to accomplish and informed her of specific defects in pleadings, the *pro se* litigant must make good faith efforts to comply.[47] The Alaska Supreme Court has stated that although *pro se* litigants are held to less stringent standard procedural requirements where lack of familiarity underlies litigants' errors,

> [t]he [*pro se* ] litigant is expected to make a good faith attempt to comply with judicial procedures and to acquire general familiarity with and attempt to comply with the rules of procedure—absent this effort, he or she may be denied the leniency otherwise afforded *pro se* litigants.[48]

Ms. Khalsa appears to have a general familiarity with the rules of procedure. If Ms. Khalsa desires to pursue her lawsuit, she must respond to discovery requests in accordance with Rules 26–37 in the Alaska Rules of Civil Procedure.

The Alaska Supreme Court has stated that "[a] party cannot satisfy a discovery request by claiming that it is 'attempting to ascertain the answers,' and putting off its obligation to a later date."[49] Thus, Ms. Khalsa's protestations for many months that she cannot pro-

vide documents or answer interrogatories or arrange for inspection of the house by Defendants' experts because she is not in Alaska is not responsive to discovery requests. "[F]ailure to respond to a discovery request 'strikes at the very heart of the discovery system,'" which is intended to be self-executing.[50] Plaintiff's failure to respond provides the defendants with no evidence and "halt[s] the case development process dead in its tracks."[51]

If a party fails to obey a discovery order issued by the court or fails to serve answers or objections to interrogatories or to serve a written response to a request for inspection under Rule 34, the court may take any action authorized under sections (A), (B), and (C) of Rule 37(b)(2).[52] Prior to making an order under sections (A), (B), or (C) of subparagraph (b)(2), the court shall consider the following:

> (A) the nature of the violation, including the willfulness of the conduct and the materiality of the information that the party failed to disclose;
>
> (B) the prejudice to the opposing party;
>
> (C) the relationship between the information the party failed to disclose and the proposed sanction;
>
> (D) whether a lesser sanction would adequately protect the opposing party and deter other discovery violations; and
>
> (E) other factors deemed appropriate by the court or required by law.
>
> The court shall not make an order that has the effect of establishing or dismissing a claim or defense or determining a central issue in the litigation unless the court finds that the party acted willfully.[53]

Among the Rule 37 sanctions the court may issue when appropriate, are orders establishing facts, prohibiting the disobedient party from introducing evidence in support of des-

---

**46.** Reply, at 2 (April 1, 2008).

**47.** *See Kaiser v. Sakata*, 40 P.3d 800, 803–804 (Alaska 2002).

**48.** *Kaiser*, 40 P.3d at 803.

**49.** *Hikita v. Nichiro Gyogyo Kaisha, Ltd.*, 12 P.3d 1169, 1175 (Alaska 2001).

**50.** *Hikita*, 12 P.3d at 1175, *quoting* 7 James Wm. Moore et al., *Moore's Federal Practice* ¶ 37, 90, at 37–141 (3d ed. 1997).

**51.** *Id.*

**52.** Alaska R. Civ. P. 37(b), (d).

**53.** Alaska R. Civ. P. 37(b)(3).

ignated claims, or dismissing all or part of an action against the disobedient party.[54] Additionally, "the court shall" require the disobedient party to pay the propounding party's attorney's fees and other reasonable expenses caused by the disobedient party's failure, unless the failure was substantially justified.[55]

Under Alaska law, it is "clear that a trial court may not issue litigation-ending sanctions without first exploring 'possible and meaningful alternatives to dismissal.'"[56] "If meaningful alternative sanctions are available, the trial court must ordinarily impose these lesser sanctions rather than a dismissal with prejudice."[57] Only if the court's "careful consideration of lesser alternative sanctions convinces it that no sanction short of dismissal is appropriate and if the court fully explains its reasons for reaching this conclusion," can the court issue litigation-ending sanctions.[58]

The information Ms. Khalsa has failed to disclose is material to her claims. Inspection of her house by Defendant's expert is essential to the Defendant's ability to defend against Ms. Khalsa's claim of defective materials and workmanship or to obtain information about the amount and feasibility of repairs. Medical records are necessary for Defendants to understand what injuries she sustained in the fall from the ladder and the amount of damages she is claiming for physical injuries.

It is clear that Ms. Khalsa's refusal to provide discovery has prejudiced the defendants' ability to defend against her claims by depriving them of any information and evidence about her claims and damages.

Defendants request that the case be dismissed with prejudice. Certainly, the case cannot proceed if the plaintiff continues to refuse to provide discovery materials. Defendants argue that the court's previous efforts to explain the discovery process to Ms. Khalsa, who has shown herself to be a rea-

sonably intelligent person, and her continued failure to comply with discovery requests, show that her failure to comply with discovery is willful.

Nonetheless, the court must consider lesser alternatives. One alternative would be to prohibit Ms. Khalsa from presenting evidence of consequential damages including her medical expenses. One of her primary failures has been her refusal to sign a release for her medical records even after this court expressly ordered her to sign the releases by February 2008. Her physical condition and medical treatment is an area of damages about which the Defendants are least able to obtain information without the plaintiff's cooperation. Thus, there is a close relationship between such a sanction and Ms. Khalsa's failure to disclose any of her medical records. Under this alternative, she could still proceed with her claim for damages directly related to alleged defects in the house and alleged breaches of warranties.

Another alternative would be for the court to set a deadline for Ms. Khalsa to comply with the court's January 16, 2008 orders and also respond to subsequent discovery requests by Defendants. Under this alternative, the court should instruct Ms. Khalsa that if she fails to substantially comply before the deadline, her lawsuit will be dismissed with prejudice. This would give her a final opportunity to cooperate with the discovery process before her case is dismissed.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the court orders the following:

A. The court DENIES Defendants' motion to exclude evidence of remedial measures, but Defendants may raise Evidence Rule 407 issues again during trial with respect to specific issues and evidence if the need arises.

---

54. Alaska R. Civ. P. 37(b)(2), (d).

55. Alaska R. Civ. P. 37(b)(2), (d).

56. *Hikita,* 12 P.3d at 1175, *quoting Underwriters at Lloyd's London v. The Narrows,* 846 P.2d 118, 119 (Alaska 1993).

57. *Hikita,* 12 P.3d at 1176, *quoting Arbelovsky v. Ebasco Servs., Inc.,* 922 P.2d 225, 227 (Alaska 1996).

58. *Hikita,* 12 P.3d at 1176 n. 21.

B. Because Plaintiff is *pro se*, the court GRANTS Plaintiff's motion to accept the late filing of her initial disclosures with the court.

C. The court DENIES the plaintiff's request, to reschedule trial and discovery. Her request is already substantially met by the Amended Civil Pre–Trial Order.

D. The court DENIES Defendant Tamasine Drisdale's Motion for Misjoinder.

E. Ms. Khalsa has failed to comply with any of the court's orders from the January 2006 hearing.

Defendants' motion for Rule 37 sanctions against Ms. Khalsa for her failure to comply with discovery is PARTIALLY GRANTED. Because of Ms. Khalsa's willful refusal to sign medical record releases after the court clearly ordered her to do so, Ms. Khalsa may not present evidence of her physical injuries or medical expenses. Ms. Khalsa's claims for damages for her physical injuries are dismissed with prejudice.

Ms. Khalsa may continue to pursue her breach of contract claims based on alleged defects in the house design, construction, and warranties.

Dated this 31st day of July, 2008, at Fairbanks, Alaska.

/s/ Douglas L. Blankenship
Superior Court Judge

### Appendix B

### *MEMORANDUM DECISION AND ORDER ON DISCOVERY*

## I. INTRODUCTION

The contract between Plaintiff Ms. Khalsa and Defendant Mandala Custom Homes was signed in August 2003, the house was delivered and assembled soon thereafter, and Ms. Khalsa moved into the house in February 2004.[1] In February or March 2004, Ms.

Khalsa fell from a ladder, allegedly due to the fault of Defendants, and was injured. Ms. Khalsa filed her *pro se* complaint on February 27, 2006. A three-day court trial was scheduled for May 2008. Due to discovery delays, the trial was later changed to a six-day court trial that is scheduled to begin November 17, 2008.[2]

This lawsuit has been plagued from the beginning by the plaintiff's reluctance to engage in discovery. The court has done its best to explain discovery and other procedures to the *pro se* plaintiff. The unusual length of this decision reflects an effort to provide the parties, particularly Ms. Khalsa, with a full explanation of the court's careful consideration of the relevant factors and the reasons for reaching its conclusions with respect to Ms. Khalsa's Motion for Order and Defendants' Renewed Motion for Sanctions. Defendants' Motion to Have Requests for Admissions Deemed Admitted is moot.

## II. PROCEDURAL HISTORY

On July 12, 2007, a hearing on discovery issues was held because there seemed to be little progress in the case. All parties except one defendant were *pro se* at that time. Ms. Khalsa was present at the hearing. The court explained Civil Rule 26 and the procedures and various requirements for discovery, including the concepts underlying discovery.[3] The court told the parties that initial disclosures were required to be complete by August 15, 2007.[4] The court allowed Ms. Khalsa extra time to respond to a motion brought by one of the defendants.[5] The court also encouraged Ms. Khalsa to obtain an attorney.[6]

Ms. Khalsa sent her initial disclosures to Defendants along with her preliminary witness list on January 15, 2008. Other parties who were *pro se* were similarly late with

---

1. Complaint ¶¶ III–X (Feb. 27, 2006).

2. During a January 16, 2008 hearing, the parties and the court referred to a jury trial, but the court later corrected the error, since no jury demand had been made. Notice to Parties (Jan. 30, 2008); Hearing CD4FA4107–66, 02:58:39–03:01:00 (June 11, 2007); Hearing CD 4FA4408–4, 10:17:47–10:18:28; 10:32:36 (Jan. 16, 2008); Pre-trial Orders (June 13, 2007, Jan. 30, 2008).

3. Hearing, CD 4FA4107–76, 04:30:31–05:07:41 (July 12, 2007).

4. CD 4FA4107–76, 04:56:10.

5. CD 4FA4107–76, 05:03:09–05:04:35.

6. CD 4FA4107–76, 05:07:41.

initial disclosures.[7] The defendants, including two who were *pro se* at the time, filed preliminary witness lists in the latter part of October 2007.

During a hearing on January 16, 2008, the defendants reported they had received no documents from the plaintiff.[8] The court explained to Ms. Khalsa discovery procedures and the importance of full disclosure of evidence supporting her claim.[9] The court explained that she was required to sign release forms for Defendants to obtain her medical records, because her claim regarding injuries due to her fall had placed her physical condition at issue.[10] The court and the defendants agreed that the complaint appeared to be making a claim for physical and mental injuries from Plaintiff's fall off the ladder; and Ms. Khalsa spoke about the defective design leading to her climbing up a ladder from which she fell and was injured.[11] Ms. Khalsa wanted to limit the release to medical treatment of her physical injuries resulting from the fall.[12] The court informed her that Defendants were entitled to know about pre-existing conditions through her medical records, not just treatment of injuries she claimed in the current lawsuit.[13]

Ms. Khalsa participated in the hearing telephonically from Arizona.[14] The court ordered Ms. Khalsa to make herself available in Fairbanks for Defendants to take her deposition during the last week in April or the first week in May, because she expected to be [in] Alaska starting near the beginning of April 2008.[15] She orally agreed on the record that this time period was acceptable.[16] During the hearing, the court expressly found that Ms. Khalsa's claims placed her mental as well as physical condition at issue in this case, and ordered her to submit to an Independent Medical Evaluation (IME) and a psychological evaluation.[17] The court ordered Ms. Khalsa to deliver signed medical record releases to all defendants by February 4, 2008 and to file any objections to the releases by the same date.[18] Because Ms. Khalsa stated she would be back in Fairbanks by mid-April,[19] the court ordered that depositions be taken during the last week of April or first week of May.[20] The defendants scheduled Plaintiff's deposition for April 25, 2008 in Fairbanks. The court also ordered Ms. Khalsa to submit to independent medical and mental evaluations (IME) on a date to be agreed upon by the parties.[21] Because of delays in discovery, the court vacated the original trial date and rescheduled the trial to start November 17, 2008.[22]

Ms. Khalsa failed to comply with any of the court's orders from the January 2006 hearing. She did not sign the medical release forms. She did not file any objections. Ms. Khalsa also failed to respond to the defendants' interrogatories within 30 days as required by Civil Rule 33(b)(3).

On March 13, 2008, Defendants filed a motion for sanctions that would dismiss

7. *See* Hearing, CD 4FA4408–4, 09:47:49–09:50:49 (Jan. 16, 2008). Tamasine Drisdale filed initial disclosures on November 8, 2007, and is the only defendant who remains *pro se*.

8. Hearing, CD4FA4408–4, 09:42:22–09:46:14 (Jan. 16, 2008).

9. CD4FA4408–4, 09:47:49–09:51:53; 10:06:28; 10:13:26; 10:16:36; 10:20:11; 10:21:55–10:23:32.

10. CD4FA4408–4, 09:54:18–09:55:20.

11. Hearing, CD4FA4408–4, 09:51:52–09:54:50 (Jan. 16, 2008).

12. Hearing, CD4FA4408–4, 09:51:52–09:55:17.

13. CD4FA4408–4, 09:55:17–:32; 10:13:56–10:14:09.

14. CD4FA4408–4, 10:24:26.

15. CD4FA4408–4, 09:59:26; 10:13:44–10:13:56; 10:35:34.

16. CD4FA4408–4, 09:58:07–09:59:50; 10:13:44–:56.

17. CD4FA4408–4, 10:10:14–:48; 10:42:46–10:43:35; 10:45:49–10:46:12.

18. CD4FA4408–4, 10:41:14–10:42:46.

19. CD4FA4408–4, 10:33:40–10:35:30.

20. CD4FA4408–4, 10:35:34–10:37:00.

21. Hearing, CD4FA4408–4, 10:43:35–10:46:12 (Jan. 16, 2008).

22. Hearing, CD4FA4408–4, 10:32:36–10:33:07.

Plaintiff's case pursuant to Civil Rule 37(b)(2).[23] They asserted that Ms. Khalsa had failed to sign medical releases, produce requested documents, answer interrogatories, or make the house available for inspection.[24] Defendants pointed out that they could not schedule an IME without access to Ms. Khalsa's medical records. In her Opposition to Sanctions, Ms. Khalsa admitted she received, but did not sign, the medical records release forms that Defendants sent her.[25] Nor did she file any objections by the February 4, 2008 deadline set by the court. Ignoring the court's explanation during the January hearing, she complained that the forms did not specify particular doctors and did not limit the request for medical records to medical treatment of her injuries sustained in this case.[26] With respect to her failure to answer interrogatories, Ms. Khalsa asserted that all of the relevant documents had been stored in Alaska, while she spent the past ten months or so living in Arizona or traveling elsewhere in the United States and other countries for treatment of the injuries she suffered in the fall from the ladder.[27] Ms. Khalsa insisted that she would not be in possession and control of the documents or her house (which Defendants had requested be made available for inspection by one of their experts) until she returned to Alaska, whenever that might be.[28] She stated that only when she returned to Alaska, at some unknown date, could she answer interrogatories that Defendants sent around January 25, 2008.[29]

On April 28, 2008, Defendants filed a supplemental memorandum regarding sanctions to notify the court that Ms. Khalsa had failed to attend her deposition, which had been scheduled to accommodate her travel plans.[30] On April 24, only one day before her scheduled deposition, she faxed notice to Defendants that she would not be in Alaska to attend her deposition.[31] She claimed she was delayed in the state of Washington, and she refused to travel to Alaska by air for her deposition on April 25 because the defendants had not provided any money to cover her transportation to Alaska and other travel expenses.[32] She believed that Defendants had scheduled the deposition for a time when they knew she would not be in Alaska,[33] but the general time period of end of April or beginning of May had been set by the court during the January 16, 2008 hearing.[34]

In the court's July 31, 2008 decision, the court found that Ms. Khalsa willfully refused to sign medical record releases after the court expressly ordered her to do so, and after the court explained that Defendants had a right to medical information where she claimed physical and mental injuries and medical costs.[35] The court determined that Defendants' ability to defend against any of her claims involving physical injury or medical costs had been prejudiced.[36] The court imposed sanctions by precluding Ms. Khalsa from presenting evidence of her physical injuries or medical expenses.[37] Consequently,

23. Lars Chose and Mandala Custom Homes joined Stein's 3/13/2008 motion for sanctions on 3/17/2008.

24. Def. Chose & Mandala Custom Homes' Reply (April 1, 2008); Mtn. Sanctions (March 13, 2008).

25. Plaintiff's Opp. to Sanctions, at 8, ¶ 15 (signed March 27, 2008; filed April 1, 2008).

26. Opp. to Sanctions, at 8 ¶ 15, 10–11 (April 1, 2008).

27. Opp. to Sanctions, at 2–8.

28. Opp. to Sanctions, at 2–11.

29. Opp. to Sanctions, at 2–11.

30. Def. Supp. Re: Sanctions, at 2–3 (April 28, 2008).

31. Def. Supp. Re: Sanctions, Exh. B ("Response to Notice of Video Deposition") (April 28, 2008).

32. Def. Supp. Re: Sanctions, Exh. B, at 2–3.

33. Def. Supp. Re: Sanctions, Exh. B, at 3.

34. Hearing, CD4FA4408–4, 10:35:34–10:37:00 (Jan. 16, 2008).

35. Memorandum Decision & Order, at 8, 16 (July 31, 2008).

36. Mem. Dec. & Order, at 16 (July 31, 2008).

37. *Id.*

the court prohibited Ms. Khalsa from presenting evidence of her physical injuries and any claims in her complaint for damages due to her physical injuries were dismissed with prejudice.[38] These claims included her claim that she "sustained a considerable economic loss due to her injuries, the extensive period of time consumed by repeated operations, and periods of recovery time."[39] The court noted that Ms. Khalsa could still pursue her claims for breach of contract, breach of express warranty with regard to defects, and breach of implied warranty for a particular purpose based on alleged defects in the house design, construction and warranties.[40]

In early May 2008, Defendants filed notices that they were unable to file a list of expert witnesses without receiving discovery materials from Ms. Khalsa in response to their January request and without being able to take her deposition, which she declined to attend on April 25, 2008.[41] Plaintiff has merely stated she included a list of all her witnesses in her initial disclosures.[42] Plaintiff's preliminary witness list also included people who are described in terms of an expert witness, such as physicians or house construction experts.[43]

A hearing was held on August 15, 2008, addressing discovery and other procedural issues.[44] Ms. Khalsa was present in person. The court urged Ms. Khalsa to get an attorney[45] and reminded Ms. Khalsa that the deadlines for response to discovery requests had passed without an adequate response

from her.[46] The court reiterated the rationale behind discovery and that failure to cooperate with discovery can result in the dismissal of claims.[47] Ms. Khalsa's husband, True Indigo, was contacted by telephone during the hearing to arrange a time when Defendants' expert could inspect the house.[48] The court ordered Ms. Khalsa to answer Defendants' January 2008 interrogatories by August 26, 2008 and to attend her deposition, which was rescheduled for September 3, 2008.[49] The court also ordered Ms. Khalsa to file a witness list and to schedule a time when Defendants' expert could inspect the house.[50] Because one of the defendants had moved to deem request for admissions admitted by Ms. Khalsa, the court explained to Ms. Khalsa that a failure to respond to requests for admissions can result in matters being deemed admitted and explained how this could affect her claims.[51] The court described for Ms. Khalsa the procedures relating to expert witnesses.[52] The court urged Ms. Khalsa to read the court rules and pretrial order again and warned her that she needed to make a greater effort to follow discovery rules.[53]

Prior to the hearing, on July 30, 2008, Defendants moved to deem the Request for Admissions to be admitted by Ms. Khalsa under Civil Rule 36 due to her lack of response. During the hearing, the court gave Ms. Khalsa until August 26 to file a response to the defendants' interrogatories and requests for admissions.[54] She met this dead-

**38.** *Id.*

**39.** Complaint, at 11, ¶ XXV.

**40.** Mem. Dec. & Order, at 17; *See* Complaint (Feb. 27, 2006).

**41.** Joinder in Notice to Court (May 7, 2008); Notice to Court (May 1, 2008).

**42.** Plaintiff's Mtn. for Order (Sept. 3, 2008).

**43.** *See* Plaintiff's Preliminary Witness List (Jan. 15, 2008).

**44.** Hearing, CD 4FA4408–74, 03:05:12–03:56:22 (Aug. 15, 2008).

**45.** Hearing, CD 4FA4408–74, 03:07:22–03:07:54.

**46.** Hearing, CD 4FA4408–74, 03:07:54; 03:09:58–03:56:22 (Aug. 15, 2008).

**47.** Hearing, CD 4FA4408–74, 03:08:50–03:10:36.

**48.** CD 4FA4408–74, 03:15:08–03:17:37.

**49.** CD 4FA4408–74, 03:07:54; 03:46:17–03:52:59.

**50.** CD 4FA4408–74, 03:35:52–03:38:33.

**51.** CD 4FA4408–74, 03:40:37–03:42:13.

**52.** CD 4FA4408–74, 03:35:50–03:38:18; 03:49:08.

**53.** CD 4FA4408–74, 03:38:33–03:43:21.

**54.** CD 4FA4408–74, 03:46:17–03:48:04.

line. This rendered the Defendants' motion regarding admissions moot.

In a letter received by the court on August 27, 2008, Ms. Khalsa's husband, Mr. Indigo, complained that he had waited all day for Defendants' expert to arrive for an inspection of the house, and not until late afternoon did Defendants' counsel call to reschedule the inspection.[55] He alleged he felt intimidated and believed Defendants were acting in bad faith by failing to inspect the house on the day originally scheduled.[56] He also requested compensation for his lost wages for the day he spent waiting for them.[57]

Ms. Khalsa's deposition was scheduled for 9:00 a.m. on September 3, 2008.[58] Ms. Khalsa arrived shortly before the deposition started at 9:50 a.m.[59] After the first few preliminary questions, an attorney for Defendants asked Ms. Khalsa whether she had received help with writing her complaint and to identify the person and type of help.[60] Ms. Khalsa answered that she had hired Mr. Don Hart, who is a paralegal in Palmer, to help her.[61] She testified that Mr. Hart typed what she gave him.[62] However, when asked if he had helped her with legal theories for her claims or the language in her pleadings, Ms. Khalsa was evasive.[63] Defendants' attorney persisted in asking Ms. Khalsa what assistance Mr. Hart gave her, and she continued to be evasive.[64] Finally, counsel became exasperated and told her she could just say she was not going to answer and the court could determine whether to order her to answer.[65] At that point, Ms. Khalsa terminated the deposition by saying "[w]e're through" while handing the attorney two prepared documents.[66] The deposition lasted no more than ten or fifteen minutes, including swearing in the witness.[67]

One of the documents Ms. Khalsa handed to Defendants' counsel was a Notice of Termination of the deposition, based on Civil Rule 30(d)(3), in which she alleged that the deposition was "intentionally designed to cause [her] to endure further emotional distress, due to the psychological trauma ... that was caused or contributed to by the defendants."[68] The other document was a Motion for Order requesting that the court vacate its July 31, 2008 order and limit the scope and manner of the deposition so that deposition questions would be submitted in writing with her answers also provided in writing.[69] Additionally, if the court denied her motion to vacate its July 31, 2008 order, Ms. Khalsa requested a stay in proceedings while she petitioned the Alaska Supreme Court for review of the July 31 order.[70]

Ms. Khalsa filed both documents with the court on September 3, 2008. On September 8, 2008, Defendants filed a Renewed Motion for Sanctions against Ms. Khalsa, requesting the form of dismissal of all of her remaining claims and a judgment by default. On September 15, 2008, Defendants opposed the plaintiff's Motion for Order.

55. Letter to Judge Blankenship from True Indigo (Aug. 27, 2008).

56. *Id.*

57. *Id.*

58. Defendants Chose & Mandala Custom Homes' Joinder in Mtn. for Sanctions, Exh. A (Notice of Taking Deposition, dated Aug. 19, 2008) (Sept. 9, 2008).

59. Transcript of Khalsa Depo., at 3 (Sept. 3, 2008); Aff. Nelson Page ¶ 3 (Sept. 5, 2008).

60. Transcript of Khalsa Depo., at 3–9 (Sept. 3, 2008).

61. Khalsa Depo., at 9–11.

62. Khalsa Depo., at 9.

63. Khalsa Depo., at 9–11.

64. Khalsa Depo., at 10–11.

65. Khalsa Depo., at 11.

66. *Id.*

67. Khalsa Depo., at 1–12.

68. Notice to Terminate this Deposition (Sept. 3, 2008).

69. Motion for Order (Sept. 3, 2008).

70. Motion for Order, at 6.

## III. DISCUSSION

### A. *Ms. Khalsa's Motion for Order*

On September 3, 2008, Ms. Khalsa filed a "Motion for Order" requesting an order (1) vacating the court's July 31, 2008 order, which dismissed with prejudice her claims for physical injuries; (2) limiting the scope and manner of her deposition and considering allowing the deposition to be conducted in writing like interrogatories; and (3) staying the deposition, if the court denies her request to limit the scope and manner of the deposition, so she can seek an emergency petition for review by the Alaska Supreme Court of this court's July 31, 2008 order.

#### 1. *Request to Vacate July 31, 2008 Decision*

The portion of Ms. Khalsa's Motion for Order requesting the vacation of this court's July 31, 2008 decision constitutes a motion for reconsideration. Under Civil Rule 77(k), a motion for reconsideration must be brought within ten days after notice of the ruling.[71] Ms. Khalsa's motion will be treated as timely because she is acting *pro se.*

Ms. Khalsa complains about not only the court's July 31, 2008 decision, but also the August 15, 2008 hearing. She complains that the court has "repeatedly threatened me with severe sanctions." However, the court has treated her filings leniently, such as allowing her late initial disclosures without sanction. Although Ms. Khalsa's response to Defendants' first discovery request was about six months late, this court did not grant Defendants' motion to deem the requests for admissions admitted under Civil Rule 36. If she had been six months late when represented by counsel, the court would have had the discretion to deem the matters admitted under Civil Rule 36. The court also interpreted her *pro se* complaint broadly to include among her claims all of the injuries, whether financial or physical, that she described in her complaint in order to allow her to pursue any claim she was attempting to make.

This court made an effort to explain discovery procedures and the reason for the discovery process to Ms. Khalsa at each hearing. The court encouraged her to obtain the aid of an attorney and urged her to follow the Alaska Rules of Civil Procedure and the court's pretrial orders. Along with explanations of what was required of her in discovery, this court warned Ms. Khalsa several times that the court would not look kindly on a lack of cooperation on her part during the discovery process. Instead, Ms. Khalsa repeatedly disregarded the court's orders, ignored Defendants' discovery requests, and insisted upon following a schedule based on her own convenience.

In its July 31, 2008 memorandum decision, the court sanctioned Ms. Khalsa only after the court had explained during the January 16, 2008 hearing the need for the medical release forms and she had agreed to sign the forms during the same hearing, and then she failed to comply with the court's order to sign the releases and also did not submit any objections to the forms until the defendants filed a motion for sanctions. Ms. Khalsa requests that the court vacate its July 31, 2008 order dismissing any medical claims and damages, while at the same time, she insists that her complaint did not contain any claims for damages for the alleged physical and psychological injuries she described in the allegations in her complaint or as part of the consequential damages she claimed in addition to $250,000 general damages.

Ms. Khalsa argues that she has been denied due process due to the dismissal of medical claims she insists are not within the complaint, because she might want to present them later.[72] However, it would be chaotic to allow her to avoid discovery by asserting she has not claimed damages for physical injuries and later allow her to add such claims accompanied by another dispute over the extent of medical information Defendants could access. Furthermore, "a plaintiff alleging breach of contract must present evidence sufficient to calculate the amount of the loss caused by the breach."[73] "With-

---

**71.** Alaska R. Civ. P. 77(k).

**72.** Mtn. for Order, at 3–4.

**73.** *DeNardo v. ABC, Inc. RVs Motorhomes,* 51 P.3d 919, 925 (Alaska 2002).

holding materials relating to a party's damages may seriously prejudice the adverse party." [74] Additionally, Civil Rule 9(h) requires that special damages be specifically stated. To the extent that Ms. Khalsa claimed that the injuries resulting from her fall from the ladder were consequential damages caused by Defendants' alleged breach of contract, she was required to allow Defendants to obtain information about her injuries and related damages. Because of her continuing refusal to allow the Defendants' access to any medical information about her injuries and treatment, only a few months before trial, nothing short of precluding her from presenting medical information would have been effective in deterring future violations.

Therefore, for these reasons and the reasons discussed in the July 31, 2008 decision, the court denies Plaintiff's request for an order vacating the court's July 31, 2008 order, which dismissed with prejudice her claims for physical injuries.

### 2. *Deposition*

Ms. Khalsa also requests that the court limit the scope and manner of her deposition and consider allowing the deposition to be conducted in writing. First, the court has read the transcript of the deposition on September 3, 2008, and finds that the questions were not asked in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress Ms. Khalsa.[75] Second, the court rejected a previous suggestion by Ms. Khalsa to do everything in writing.[76] This court will not burden the other parties with the enormous amount of time and delays involved in conducting a plaintiff's deposition in writing. Ms. Khalsa's concern with accuracy can be

accommodated through Civil Rule 30(e), which permits a deponent to request 30 days to review a transcript of the deposition after a transcript is available and provide changes in her answers along with the reasons for making them.[77]

Therefore, the court denies Ms. Khalsa's request to limit the scope and manner of her deposition, including her request to allow the deposition to be conducted in writing.

### 3. *Request for stay during petition for review*

Ms. Khalsa requests that this court stay her deposition while she files a Petition for Review with the Alaska Supreme Court. Discovery in this case has already been unusually prolonged. Trial is imminent. The court denies Ms. Khalsa's request for a stay.

### B. *Defendants' Renewed Motion for Sanctions*

On September 8, 2003, Counsel for Defendant Gordon Stein filed a "Renewed Motion for Sanctions and Dismissal of Case," requesting that the court dismiss Ms. Khalsa's remaining claims because of her continued resistance to discovery and refusal to comply with the court's orders regarding discovery. Defendants Chose and Mandala Custom Homes joined in the motion.[78]

The Alaska Supreme Court has stated that "Alaska Rule of Civil Procedure 37 'affords trial courts broad power to enforce discovery orders by the use of sanctions.'" [79] Dismissal of the action is one of the available sanctions where appropriate.[80]

Within certain limitations, a trial court has the discretion to dismiss a party's claims as a sanction for the party's failure to comply with a discovery order.[81] Before a case is

**74.** *DeNardo,* 51 P.3d at 925, *quoting Alaska Trams Corp. v. Alaska Elec. Light & Power,* 743 P.2d 350, 354 (Alaska 1987).

**75.** *See* Alaska R. Civ. P. 30(d)(3).

**76.** Hearing, CD 4FA4107–76, 04:26:43–04:27:12 (July 12, 2007).

**77.** Alaska R. Civ. P. 30(e).

**78.** Defendant Chose and Mandala Custom Homes' Joinder in Defendant Stein's Motion for Sanctions and Dismissal of Case (Sept. 9, 2008).

**79.** *DeNardo,* 51 P.3d at 922, *quoting Hughes v. Bobich,* 875 P.2d 749, 752 (Alaska 1994).

**80.** *DeNardo,* 51 P.3d at 922; Alaska R. Civ. P. 37(b), (d).

**81.** *See DeNardo v. ABC, Inc. RVs Motorhomes,* 51 P.3d 919, 922–23 (Alaska 2002).

dismissed, the trial court must first find (1) that the non-complying party acted willfully to violate the order in question; (2) that there is resulting prejudice to the opposing party, and (3) that the imposed dismissal is sufficiently related to the violation at issue.[82] Fourth, the trial court must consider a reasonable exploration of alternatives to dismissal and whether those alternatives would adequately protect the opposing party as well as deter other discovery violations.[83]

1. *Ms. Khalsa acted willfully when refusing to meaningfully participate in her deposition and engaging in a pattern of failing to respond or delaying other discovery responses*

Civil Rule 37(b)(3) states that "[t]he court shall not make an order that has the effect of establishing or dismissing a claim or defense or determining a central issue in the litigation unless the court finds that the party acted *willfully*." [84] "Willfulness in this context is defined as a 'conscious intent to impede discovery, and not mere delay, inability or good faith resistance.' " [85] "Once noncompliance has been demonstrated, the noncomplying party bears the burden of proving that the failure to comply was not willful." [86] Therefore, Ms. Khalsa bears the burden of proving that her repeated failures to comply with discovery orders were not willful.

During the January 16, 2008 hearing, there was much discussion about when to schedule Ms. Khalsa's deposition and Ms. Khalsa stated she would be in Alaska by the beginning or middle of April. The court informed the parties that the court wanted the deposition to be scheduled at the end of April or beginning of May. Accordingly, Defendants notified Ms. Khalsa that her deposition was scheduled for April 25, 2008. Since Ms. Khalsa was driving to Alaska, she must have realized before April 24 that her location in the Lower 48 states would not enable her to arrive in Alaska in time for the deposition on April 25. However, she did not bother to notify Defendants until she faxed notice on the morning of April 24 and accused them of scheduling the deposition for a time when she would not be in Alaska.[87]

At the court's insistence during the August 15, 2008 hearing, the parties agreed to reschedule Ms. Khalsa's deposition for September 3, 2008. The date and time were announced during the hearing, at which Ms. Khalsa was in attendance. Defendants sent her notice on August 19. On September 3, Ms. Khalsa left within fifteen minutes after she arrived.[88] The transcript of the deposition shows that she arrived carrying the notice of termination of the deposition and the motion for an order limiting the scope and manner of deposition. Counsel for Defendant Stein had asked only a few questions before she produced her documents and walked out. Ms. Khalsa's arrival with the two documents suggests that she at best, was prepared to walk out of the deposition if she felt uncomfortable and at worst, had no intention of answering Defendants' deposition questions to the best of her ability. Although Defendants' questions about help she received from a paralegal was an ill-conceived method of starting a deposition with a difficult party, the transcript shows that the questions were not unreasonable so as to annoy, embarrass, or oppress the deponent.[89] The questions did not ask her to reveal any personal information. Defendants' questions appeared to be based on Defendants' observation that Ms. Khalsa's pleadings demonstrate a greater than average sophistication for a *pro se* litigant, while she has frequently

---

82. *DeNardo,* 51 P.3d at 922–23.

83. *DeNardo,* 51 P.3d at 923.

84. Alaska R. Civ. P. 37(b)(3) (emphasis added).

85. *DeNardo,* 51 P.3d at 923, *quoting Hawes Firearms Co. v. Edwards,* 634 P.2d 377, 378 (Alaska 1981).

86. *DeNardo,* 51 P.3d at 923, *quoting Hughes v. Bobich,* 875 P.2d 749, 753 (Alaska 1994).

87. Supp. Re: Mtn. for Sanctions, Exh. B, at 3 (April 28, 2008); *See also* Def. Notice to Court re: Unavailability of Expert Witness List Due to Plaintiff Khalsa's Non–Compliance (May 1, 2008).

88. Aff. Nelson Page, ¶¶ 3–4 (Sept. 5, 2008).

89. *See* Alaska R. Civ. P. 30(d)(3).

and consistently relied expressly upon her *pro se* status to obtain the court's leniency in procedural matters.

Ms. Khalsa seems to find the discovery process invasive of matters she views as private. The Alaska Supreme Court has stated clearly in the context of discovery that the "right to privacy ... does not shield a party who brings a lawsuit from having to reveal information that is relevant to his or her claims, even though the information may otherwise be private."[90] A plaintiff has no privacy defense to the discovery of information relevant to the lawsuit the plaintiff instituted.[91] Evidence obtained through the plaintiff's deposition, by its very nature, would be material to this lawsuit instituted by the plaintiff.[92]

Ms. Khalsa's unilateral decision that certain information is irrelevant does not provide her an excuse to simply refuse to respond to discovery requests. "It is precisely because outright failures to respond to discovery halt the case development process dead in its tracks, and threaten the underpinnings of the discovery system, that [Rule 37] authorizes" courts to impose sanctions to enforce discovery orders.[93] Civil Rule 26(b)(1) describes a broad standard for the type of information that may be relevant. The defendants' few questions about legal help she was obtaining had become relevant to this litigation, because of her constant reliance on her *pro se* status to invoke the court's lenience, often resulting in futile efforts and costly delays for defendants.

A *pro se* litigant must familiarize herself with the Alaska Rules of Civil Procedure and make an attempt to follow the Rules of Civil procedure and comply with the trial court's orders.[94] In this case, Ms. Khalsa's pleadings indicate she has sufficient intelligence and general understanding of legal concepts to understand the discovery rules. She demonstrated her ability by using Civil Rule 30(d)(3) to terminate her deposition and move this court for the deposition to be conducted in writing.

It is not practical to conduct everything in writing as Ms. Khalsa would prefer.[95] The court notes that because the rigors of litigation under our adversarial system are not for the faint-hearted, this court has frequently urged Ms. Khalsa to obtain the services of an attorney.

The court finds that Ms. Khalsa's termination of the deposition within a few minutes after it started was not a good faith application of Civil Rule 30(d)(3), but instead was an attempt to avoid the discovery process or to manipulate the court and parties for Ms. Khalsa's own convenience. Therefore, the court concludes that Ms. Khalsa's refusal to participate in her deposition in a meaningful way constituted willful noncompliance with this court's order for Ms. Khalsa to have her deposition taken by Defendants.

2. *Defendants are prejudiced by Ms. Khalsa's refusal to cooperate with discovery*

Defendants argue that they cannot defend against Ms. Khalsa's claims if they cannot depose her.[96] They also point out that all of the delays in discovery and Ms. Khalsa's failure to cooperate with the taking of her deposition are greatly increasing litigation costs for the defendants.[97]

---

90. *DeNardo*, 51 P.3d at 928. The same principle applies to the medical information related to any physical injuries for which she claimed damages, and is one reason the release form was an essential part of discovery for any medical damages she was claiming as consequential damages.

91. *DeNardo*, 51 P.3d at 928.

92. *See* Alaska R. Civ. P. 37(b)(3)(A) ("materiality of the information the party failed to disclose").

93. *DeNardo*, 51 P.3d at 921, *quoting Hikita v. Nichiro Gyogyo Kaisha, Ltd.*, 12 P.3d 1169, 1175 (Alaska 2000).

94. *DeNardo*, 51 P.3d at 924, *quoting Coffland v. Coffland*, 4 P.3d 317, 321 (Alaska 2000).

95. *See* Hearing, CD 4FA4408–4, 10:08:54–10:09:30; 10:11:51 (Jan. 16, 2008); Mtn. for Order, at 5–6 (Sept. 3, 2008).

96. Aff. Nelson Page, ¶ 7.

97. Renewed Mtn. Sanctions, at 2, 5 (Sept. 8, 2008).

In *Lee v. State,* the Alaska Supreme Court agreed that the responding party had prejudiced the party seeking discovery, that the responding party's omissions delayed progress in the case and forced the other party to either depose the responding party without the aid of discovery or conduct a trial without the benefit of meaningful discovery.[98] Similarly, the defendants in this case have already been prejudiced in their efforts to defend this case because of Plaintiff's long delays in responding to discovery requests, delay in allowing inspection of the house, and twice refusing to be deposed.

The court concludes that Ms. Khalsa's constant delays and failure to comply with the court's orders is prejudicial to the defendants.

### 3. *Nexus exists between withheld discovery and proposed sanction*

The test for the validity of a discovery sanction that dismisses claims is whether the information withheld is related to the claims or elements of the dispute that cannot be determined on the merits without disclosure of the information the court has ordered the party to produce.[99]

Ms. Khalsa has refused to be deposed in any meaningful way. She is the plaintiff who made the factual allegations in the complaint and brought claims for damages against Defendants. She is the person who owns the house with alleged problems in design and construction and she is the person who observed and experienced those problems. Her reports of problems with the house soon after moving in depend largely on her own testimony. She is the buyer who attempted to get Defendants to remedy the problems. She is the owner of the house purchased with reliance on whatever warranties were made by Defendants in the contract. She clearly has knowledge and information that Defendants cannot discover other than through a deposition of the plaintiff, and without the information, Defendants have no way to form a reasonable defense against her claims. Defendants would be prejudiced if forced to conduct a trial without the benefit of the plaintiff's deposition. Because the information to be gained from the plaintiff's deposition would be directly relevant to the claims at issue, the sanction of dismissal is sufficiently related to the plaintiff's noncompliance.[100]

The court concludes that there is a nexus between the withheld discovery and the proposed sanction dismissing the claims.

### 4. *There are no meaningful alternative sanctions to dismissal*

Under Alaska law, it is "clear that a trial court may not issue litigation-ending sanctions without first exploring 'possible and meaningful alternatives to dismissal.' "[101] "If meaningful alternative sanctions are available, the trial court must ordinarily impose these lesser sanctions rather than a dismissal with prejudice."[102] Only if the court's "careful consideration of lesser alternative sanctions convinces it that no sanction short of dismissal is appropriate and if the court fully explains its reasons for reaching this conclusion," can the court issue litigation-ending sanctions.[103] The trial court must consider a reasonable exploration of alternatives to dismissal and whether those alternatives would adequately protect the opposing party as well as deter other discovery violations.[104]

With respect to the medical release forms, Defendants sent forms to Plaintiff to sign early in the discovery process. She did not sign them. During the January 16, 2008 hearing, the court ordered Ms. Khalsa to sign the forms by February 4, 2008, or file

---

98. *Lee v. State,* 141 P.3d 342, 350 (Alaska 2006).

99. *Lee v. State,* 141 P.3d 342, 350 (Alaska 2006).

100. *See DeNardo,* 51 P.3d at 926.

101. *Hikita,* 12 P.3d at 1175, *quoting Underwriters at Lloyd's London v. The Narrows,* 846 P.2d 118, 119 (Alaska 1993).

102. *Hikita,* 12 P.3d at 1176, *quoting Arbelovsky v. Ebasco Servs., Inc.,* 922 P.2d 225, 227 (Alaska 1996).

103. *Hikita,* 12 P.3d at 1176 n. 21.

104. *DeNardo,* 51 P.3d at 923.

objections with the court by that date.[105] When she again had not signed the medical releases weeks after the due date, Defendants moved for sanctions. Ms. Khalsa then opposed sanctions by stating that a claim for medical damages was not included in her complaint. She now claims she did not sign the release forms because the defendants never informed her whether they wanted her to sign the release forms and amend her complaint to add a claim for medical damages.[106] Ms. Khalsa attempts to hold Defendants responsible for her own decision not to sign the release forms. She was well aware from the hearing that the court and defendants already interpreted her complaint to state a claim for damages for physical injuries and that the court had ordered her to sign the forms by February 4, 2008. Similar to the *DeNardo* case, Ms. Khalsa's *pro se* status does not provide an excuse for her noncompliance with the court's order.[107]

As discussed in the procedural history section, this court warned Ms. Khalsa that continued violation of discovery orders could lead to dismissal. Her continued refusal to sign releases for medical information lasted for over six months. Finally, the court dismissed any possible medical claims because the defendants could not defend against such claims unless she revealed medical information about her injuries and the damages she claimed for such injuries.

A similar scenario has occurred with the defendants' attempts to take Ms. Khalsa's deposition and obtain other information about her claims. A discovery request cannot be satisfied by a party merely claiming that it is attempting to ascertain the answers and putting off its obligation to a later date.[108] Ms. Khalsa put off her discovery obligations with the excuse that all of the relevant documents were in storage in Alaska while she was traveling or living in Arizona for many months. She put off her obligation to make her house, which is the primary subject of this litigation, available for inspection by Defendants by claiming she had no control over the house because she was renting it to tenants for the winter. She made no effort to make the documents available through an agent or to ask the tenants to arrange to make the house available for inspection.

Similar to the plaintiff in *DeNardo v. ABC Inc. RVs Motorhomes*, Ms. Khalsa has been given multiple chances to comply with discovery, but each time she unreasonably refused to comply.[109] In *DeNardo*, the Alaska Supreme Court stated that after lesser sanctions fail to encourage a plaintiff to comply with discovery rules and orders, the trial court is not required to consider lesser sanctions.[110] In this case, the court's admonitions during hearings and dismissal of medical claims were unsuccessful in encouraging Ms. Khalsa to be more cooperative in the discovery process.

This court has attempted to be lenient due to Ms. Khalsa's *pro se* status and has given Ms. Khalsa ample chances to comply with discovery requirements. First, the court gave her extra time to produce her initial disclosures, even though her disclosures were produced well after the deadline established by the court. Second, the court set a deadline for her to sign the medical releases with which she failed to comply or provide any other response until Defendants filed their initial motion for sanctions. Third, the court allowed her several extra months to finally decide to travel to Alaska where her records were stored before holding the August 15, 2008 hearing and setting a deadline for responding to Defendants' interrogatories and requests for admissions. Fourth, the court denied Defendants' initial request for dismissal of all of Ms. Khalsa's claims, and granted dismissal only of whatever claims were supported by the medical information

---

**105.** Hearing, CD 4FA4408–4, 10:41:14 (Jan. 16, 2008).

**106.** Mtn. for Order, at 4 (Sept. 3, 2008).

**107.** See *DeNardo*, 51 P.3d at 924.

**108.** *DeNardo*, 51 P.3d at 923, *quoting Hikita v. Nichiro Gyogyo Kaisha, Ltd.*, 12 P.3d 1169, 1175 (Alaska 2001).

**109.** See *DeNardo*, 51 P.3d at 926–27.

**110.** *DeNardo*, 51 P.3d at 927.

she refused to release even after the court's direct order to do so. Fifth, the court did not sanction Ms. Khalsa for her conduct with respect to the deposition scheduled for April 25, 2008, but insisted that another date for the deposition be set during the August 2008 hearing. Similarly, the court called Ms. Khalsa's husband directly and insisted that he provide a date for inspection of the house by Defendants. Sixth, on September 3, 2008, Ms. Khalsa had an opportunity to allow Defendants to take her deposition upon oral examination, as they were entitled to do under Civil Rule 30. Instead, she arrived prepared to terminate the deposition within minutes of her arrival with allegations prepared before the deposition regarding the manner in which it was conducted. The court finds that Ms. Khalsa did not make a good faith effort to comply with the court's order for her deposition.

As in *DeNardo*, Ms. Khalsa's violations of discovery rules, refusal to comply with the court's orders, delays, and general lack of cooperation are sufficiently egregious to allow the court to exercise its discretion to impose the sanction of dismissal.[111] The court is convinced that no lesser sanction would deter Ms. Khalsa from future discovery violations.

## IV. CONCLUSION

The court denies Ms. Khalsa's request to vacate the court's July 31, 2008 order precluding her presentation of evidence of her physical injuries and dismissing any claims for damages based on those injuries. The court concludes that Ms. Khalsa failed to show a basis for terminating or limiting the scope of her deposition or for requiring the defendants to depose the plaintiff in writing. Also, the court will not stay any proceedings in this case.

The court finds that the pertinent factors this court must consider in determining the appropriate sanction support a sanction of dismissal. The court finds that Ms. Khalsa's pattern of excuses and long delays in providing information for discovery culminating in

her refusal to participate in her deposition by the defendants was a willful refusal to comply with the court's orders during the hearings on January 16 and August 15, 2008. The information was material to this lawsuit. The prejudice to defendants from Ms. Khalsa's delays is significant. Trial is scheduled to begin November 17. Ms. Khalsa has not shown any inclination to participate fully in her deposition. It is remarkable that a plaintiff who uses the court process to obtain compensation for an alleged wrong, refuses to abide by the rules of the court she selected. The court is convinced based upon Ms. Khalsa's behavior to date, that for whatever reason, Ms. Khalsa will not cooperate in good faith with her deposition or any other process set forth in the civil rules or concerning the trial process. A lesser sanction is unlikely to prevent further delays in the discovery process or to protect Defendants from the inability to prepare a defense due to lack of material information.

### ORDER

1. Ms. Khalsa's Motion for Order is DENIED.

2. Defendants' Renewed Motion for Sanctions is GRANTED. All of the plaintiff's remaining claims in this case are dismissed with prejudice.

3. If Ms. Khalsa wants to appeal this decision, the court directs her attention to the Alaska Rules of Appellate Procedure. Under Appellate Rule 204(a)(1), Ms. Khalsa has 30 days from the date shown in the clerk's certification of distribution of this order and judgment in which to file a notice of appeal to the Alaska Supreme Court.

DATED this 24th day of October, 2008, at Fairbanks, Alaska.

/s/ Douglas L. Blankenship
Superior Court Judge

111. *See DeNardo*, 51 P.3d at 927.